J-S60010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OMAR WILLIAMS, | |
| Appellant | No. 3135 EDA 2015 |

Appeal from the PCRA Order September 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004913-2010

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                      **FILED OCTOBER 25, 2016**

Appellant, Omar Williams, appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

The PCRA court described the facts of the crime as follows:

> On November 10, 2005, Philadelphia Police Officers, David Ewing, and his partner, Officer Austin, were on patrol in a marked vehicle on the 600 block of North 52nd Street in Philadelphia.  N.T. 9/13/2010 at 8-10.  At approximately 2:00 a.m., a person known to Officer Ewing (the "Source") approached the Officers and told them there was criminal activity afoot at 52nd Street and Girard Avenue.  *Id*. at 10. Based on Officer Ewing's experience of approximately one year working in the 19th District, he knew this to be a high-crime area. *Id*. at 8, 13-14.

_____

[*]  Retired Senior Judge assigned to the Superior Court.

The Officers drove to 52nd Street and Girard Avenue. *Id*. at 10. When they arrived, the Officers saw [Appellant], Omar Williams, who matched the description provided by the Source. *Id*. [Appellant] looked in the direction of the Officers and immediately ran around the corner to the rear of the 600 block of 52nd street. *Id*. at 11. Officer Ewing exited the vehicle and pursued [Appellant] on foot. While running through a lot behind 642 North 52nd Street, [Appellant] tripped over a pile of tree branches and fell to the ground. *Id*. Officer Ewing caught up to [Appellant], who was lying face down. *Id*. Officer Ewing stood [Appellant] up. Directly under [Appellant's] stomach area on the bundle of tree branches was a silver, black grip revolver; it was loaded with six live rounds. *Id*. at 12-13. The gun was in good condition which suggested it had not been sitting out, exposed to the elements. *Id*. at 16. Moreover, the gun was valuable. Officer Ewing estimated its street value at approximately $600.00 to $700.00. *Id*. [Appellant] did not have a license to carry a handgun. *Id*. at 17.

PCRA Court Opinion, 3/7/16, at 2−3.

The PCRA court described the procedural history as follows:

[Appellant], Omar Williams, was charged with Possession of a Firearm Prohibited (18 Pa.C.S.A. § 6105), Carrying Firearms Without a License (18 Pa.C.S.A. § 6106), and Carrying Firearms on Public Property in Philadelphia (18 Pa.C.S.A. § 6108). A waiver trial commenced on September 13, 2010. The Commonwealth presented as evidence the live testimony of Philadelphia Police Officer, David Ewing. The Defense presented as evidence the live testimony of [Appellant's] girlfriend, Mariama Corbin. At the conclusion of the evidence, this Court found [Appellant] guilty of all charges. On December 16, 2010, this Court sentenced [Appellant] to an aggregate sentence of four (4) to eight (8) years imprisonment.

On December 30, 2010, [Appellant] filed a Notice of Appeal to the Superior Court; the appeal was discontinued on October 13, 2011. On March 26, 2012, [Appellant] filed a *pro se* PCRA Petition. On March 25, 2013, J. Matthew Wolfe, Esquire, entered his appearance. Mr. Wolfe filed an Amended PCRA Petition on March 6, 2014. The Commonwealth filed a Motion to Dismiss on May 5, 2015. This Court granted the Commonwealth's Motion to Dismiss on July 31, 2015; a

Dismissal Notice under Rule 907 was filed on August 3, 2015. On August 16, 2015, [Appellant] filed a *pro se* Objection to Dismissal Pursuant to Pennsylvania Rule of Criminal Procedure 907. [Appellant] subsequently filed a Notice of Appeal to the Superior Court on October 15, 2015. Pursuant to this [c]ourt's directive, [Appellant] filed his Statement of Matters Complained of on Appeal on November 9, 2015.

PCRA Court Opinion, 3/7/16, at 1–2.

Appellant raises the following single issue on appeal:

1. Did the Appellant's amended PCRA petition raise substantial issues of disputed fact that needed to be determined through the holding of an evidentiary hearing?

Appellant's Brief at 8.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

"There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned

absent an abuse of discretion." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

We have considered Appellant's argument, the relevant law, and the certified record before us. We conclude that the thorough and detailed opinion of the Honorable Paula Patrick filed on March 7, 2016, fully addresses Appellant's issue, and we rely upon the opinion to affirm dismissal of Appellant's PCRA petition without a hearing. In the event of further proceedings in this matter, Appellant is directed to attach a copy of the opinion.

Order affirmed.

Judge Strassburger joins the Memorandum.

Judge Ott concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2016

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

Received

MAR 0 7 2016

Office of Judicial Records-Motions

COMMONWEALTH OF PENNSYLVANIA      :      PHILADELPHIA COUNTY
     :      COURT OF COMMON PLEAS

     : 

v.      :      CP-51-CR-0004913-2010

     : 

OMAR WILLIAMS      :      3135 EDA 2015      **FILED**

     :      MAR 0 7 2016

     : 

Criminal Appeals Unit
First Judicial District of PA

## OPINION

**Patrick, J.**                        **DATE: March 7, 2016**

Defendant/Appellant, Omar Williams, filed an appeal from this Court's dismissal of his

Amended Post-Conviction Relief Act ("PCRA") Petition. This Court now submits the following

Opinion in support of its ruling and in accordance with the requirements of Rule 1925(a) of the

Pennsylvania Rules of Appellate Procedure. For the reasons set forth below, this Court's decision

should be affirmed.

## PROCEDURAL HISTORY

Defendant, Omar Williams, was charged with Possession of a Firearm Prohibited (18

Pa.C.S.A. § 6105), Carrying Firearms Without a License (18 Pa.C.S.A. § 6106), and Carrying

Firearms on Public Property in Philadelphia (18 Pa.C.S.A. § 6108). A waiver trial commenced on

September 13, 2010. The Commonwealth presented as evidence the live testimony of Philadelphia

Police Officer, David Ewing. The Defense presented as evidence the live testimony of the

Defendant's girlfriend, Mariama Corbin. At the conclusion of the evidence, this Court found the

1



Defendant guilty of all charges. On December 16, 2010, this Court sentenced the Defendant to an aggregate sentence of four (4) to eight (8) years imprisonment.

On December 30, 2010, Defendant filed a Notice of Appeal to the Superior Court; the appeal was discontinued on October 13, 2011. On March 26, 2012, Defendant filed a pro se PCRA Petition. On March 25, 2013, J. Matthew Wolfe, Esquire, entered his appearance. Mr. Wolfe filed an Amended PCRA Petition on March 6, 2014. The Commonwealth filed a Motion to Dismiss on May 5, 2015. This Court granted the Commonwealth's Motion to Dismiss on July 31, 2015; a Dismissal Notice under Rule 907 was filed on August 3, 2015. On August 16, 2015, Defendant filed a pro se Objection to Dismissal Pursuant to Pennsylvania Rule of Criminal Procedure 907. Defendant subsequently filed a Notice of Appeal to the Superior Court on October 15, 2015. Pursuant to this Court's directive, Defendant filed his Statement of Matters Complained of on Appeal on November 9, 2015.

## FINDINGS OF FACT

On November 10, 2005, Philadelphia Police Officers, David Ewing, and his partner, Officer Austin, were on patrol in a marked vehicle on the 600 block of North 52nd Street in Philadelphia. N.T. 9/13/2010 at 8-10. At approximately 2:00 a.m., a person known to Officer Ewing (the "Source") approached the Officers and told them there was criminal activity afoot at 52nd Street and Girard Avenue. *Id.* at 10. Based on Officer Ewing's experience of approximately one year working in the 19th District, he knew this to be a high-crime area. *Id.* at 8, 13-14.

The Officers drove to 52nd Street and Girard Avenue. *Id.* at 10. When they arrived, the Officers saw the Defendant, Omar Williams, who matched the description provided by the Source. *Id.* The Defendant looked in the direction of the Officers and immediately ran around the corner to the rear of the 600 block of 52nd street. *Id.* at 11. Officer Ewing exited the vehicle and pursued

2

the Defendant on foot. While running through a lot behind 642 North 52nd Street, the Defendant tripped over a pile of tree branches and fell to the ground. *Id.* Officer Ewing caught up to the Defendant, who was lying face down. *Id.* Officer Ewing stood the Defendant up. Directly under the Defendant's stomach area on the bundle of tree branches was a silver, black grip revolver; it was loaded with six live rounds. *Id.* at 12-13. The gun was in good condition which suggested it had not been sitting out, exposed to the elements. *Id.* at 16. Moreover, the gun was valuable. Officer Ewing estimated its street value at approximately $600.00 to $700.00. *Id.* The Defendant did not have a license to carry a handgun. *Id.* at 17.

Defendant was charged with Violations of the Uniform Firearms Act §§ 6105, 6106, 6108. A waiver trial commenced on September 13, 2010. At the conclusion of the evidence, this Court found the Defendant guilty of all charges. On March 26, 2012, Defendant filed a pro se PCRA Petition. On March 6, 2014, an Amended PCRA Petition was filed. The Commonwealth filed a Motion to Dismiss on May 5, 2015; this Court granted the Commonwealth's Motion on July 31, 2015. Defendant subsequently filed a Notice of Appeal to the Superior Court; he filed his Statement of Matters Complained of on Appeal on November 9, 2015.

ISSUES

Defendant/Appellant, Omar Williams, raised the following issues in his 1925(b) Statement

of Matters Complained of on Appeal:

1. The Lower Court erred in failing to grant the Petitioner's PCRA petition for the following reasons:

    a. At trial, counsel had filed but declined to litigate a motion to suppress the firearm allegedly found with the Petitioner. Counsel stated to the Petitioner that it was a weak motion and that they would end up losing one of the best trial judges for the defense it [sic] the motion was litigated.

    b. Petitioner was denied his rights to due process and effective counsel, under the laws and Constitutions of the United States and Pennsylvania, as the Petitioner's counsel was ineffective for failing to litigate the motion because the police officer was not credible and because without suppression of the firearm there was effectively no defense in the case.

2. The Court erred in failing to hold an evidentiary hearing.


STANDARD OF REVIEW

The applicable standard of review for an order denying a petition under the PCRA requires

an inquiry into whether the record supports the PCRA court's determination and whether the

PCRA court correctly stated and applied the law. *Commonwealth v. duPont*, 860 A.2d 525, 529

(Pa.Super.2004). The PCRA court's findings will not be disturbed unless its findings are

unsupported by the record. *Id.*


DISCUSSION

I. **This Court did not err in dismissing Defendant's Amended PCRA Petition**

On appeal, Defendant claims that this Court erred in failing to grant his Amended PCRA

Petition. Defendant's claim is baseless. In his Amended Petition, Defendant claimed trial counsel

was ineffective for filing but declining to litigate a motion to suppress the firearm. According to

4

Defendant, counsel told him it was a weak motion and they would end up losing one of the best trial judges for the defense if the motion was litigated. Just as this Court found no merit in the claims raised in Defendant's Amended PCRA Petition, it finds no merit in his claim on appeal.

It is well-established that counsel is presumed to have been effective. The Defendant bears the burden of overcoming this presumption and proving ineffectiveness. To establish a claim of ineffective assistance of counsel under the PCRA, the Defendant must satisfy the *Pierce* test; specifically, he must demonstrate the following:

> (1) the underlying claim has arguable merit; (2) counsel's course of conduct was without any reasonable basis designed to effectuate his client's interest; and (3) he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

*Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973, 975–76 (1987). Where it is clear that a Defendant has failed to meet any of the three, distinct prongs of the *Pierce* test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met. *Commonwealth v. Steele,* 961 A.2d 786, 796–97 (Pa.2008) (citations omitted).

Here, Defendant failed to meet his burden. Aside from Defendant's bald assertion that trial counsel was ineffective for failing to litigate the motion to suppress, he did not specify the basis upon which counsel should have sought suppression or offer evidence to prove specific facts which would entitle him to relief under the law. Even so, arguing any such motion would have been unsuccessful. According to our Superior Court, "[a] defendant moving to suppress evidence has the preliminary burden of establishing standing and a legitimate expectation of privacy." *Commonwealth v. Maldonado,* 14 A.3d 907, 910 (Pa.Super.2011) (quoting *Commonwealth v. Burton,* 973 A.2d 428, 435 (Pa.Super.2009) (en banc)). The Defendant "must separately establish

5

a legitimate expectation of privacy in the area searched or thing seized." *Maldonado*, 14 A.3d at 910–11 (quoting *Burton*, 973 A.2d at 435).

Here, the evidence presented at trial demonstrated that the Defendant did not have a privacy interest which was infringed upon. At trial, Officer Ewing testified that he was on patrol with his partner in a marked vehicle on November 10, 2005. At approximately 2:00 a.m., the Officers received information about the Defendant from the Source. The Officers drove to 52nd Street and Girard Avenue, a high-crime area. When they arrived, the Officers saw the Defendant who matched the description provided by the Source. Officer Ewing observed the Defendant crossing 52nd Street. N.T. 9/13/2010 at 10. As soon as the Defendant "made it from the street onto the sidewalk," the Officers stopped their vehicle. *Id.* The Defendant looked in the direction of the Officers and immediately fled. Officer Ewing pursued the Defendant on foot; he caught up to the Defendant, who fell on a bundle of tree branches behind 642 North 52nd Street. Officer Ewing testified that he "stood [the Defendant] up and right from under his stomach area on the tree branches was a silver, black grip revolver." *Id.* at 11.

The Defendant's rights were not violated by the above-referenced encounter. Officer Ewing and his partner were entitled to stop their vehicle after observing the Defendant, who matched the Source's description, cross 52nd Street. This initial interaction was a mere encounter. A mere encounter or request for information "is characterized by limited police presence and police conduct and questions that are not suggestive of coercion." *Commonwealth v. Hill*, 874 A.2d 1214, 1220–21 (Pa.Super.2005) (quoting *Commonwealth v. Reppert*, 814 A.2d 1196 (Pa.Super.2002)) (internal quotation marks omitted). It does not "need to be supported by any level of suspicion, and does not carry any official compulsion to stop or respond." *Commonwealth v. Smith*, 575 Pa. 203, 836 A.2d 5, 10 (2003).

6

Additionally, it was lawful for Officer Ewing to chase the Defendant after he ran. As discussed above, the Defendant was in a high-crime area and fled immediately after looking in the direction of the Police Officers. According to our Supreme Court, the combination of presence in a high-crime area, coupled with unprovoked fight is sufficient to establish reasonable suspicion and to justify an investigative stop. *In re D.M.*, 781 A.2d 1161 (Pa.2001).

Finally, Officer Ewing was permitted to seize the firearm. Officer Ewing testified that he discovered the handgun on top of tree branches "right underneath where [the Defendant] was laying." N.T. 9/13/2010 at 12. Under the plain view doctrine, a Police Officer may seize a piece of evidence which is in plain view if he views the object from a lawful vantage point and if the incriminating nature of the object is immediately apparent to the Officer. *Commonwealth v. Ellis*, 541 Pa. 285, 662 A.2d 1043, 1049 (1995). Moreover, "areas within a suspect's immediate control may be searched incident to lawful arrest to prevent danger to the arresting officers and to prevent destruction of evidence." *Commonwealth v. Stanley*, 498 Pa. 326, 446 A.2d 583 (1982).

Based on the foregoing, it is clear that the Defendant did not have legitimate and reasonable privacy interest in the illegal handgun that fell from his person. Not only did the Defendant fail to set forth an offer of proof, he would not have been able to demonstrate that the suppression motion had merit and would have been successful. Thus, it was proper for this Court to dismiss his Amended PCRA Petition.

## II.    This Court did not err in failing to hold an evidentiary hearing

On appeal, Defendant claims that this Court erred in failing to hold an evidentiary hearing. Defendant's claim is baseless. In Defendant's Amended PCRA Petition, he requested an evidentiary hearing "to determine the credibility of the [P]olice [O]fficer and to review the strategic decision made by counsel in failing to litigate the suppression motion." This Court properly

7

disposed of Defendant's Amended PCRA Petition without first conducting an evidentiary hearing. Thus, Defendant's claim should be dismissed.

It is well-established that "[t]here is no absolute right to an evidentiary hearing on a PCRA Petition. If the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones,* 942 A.2d 903, 906 (Pa.Super.2008); Pa.R.Crim.P. 907(2). A reviewing court must examine the issues raised in the PCRA petition in light of the record to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. *Commonwealth v. Jordan,* 772 A.2d 1011, 1014 (Pa.Super.2001) (citation omitted). It is appropriate to dismiss claims "where the pleadings are insufficient to state a claim for post-conviction relief." *Commonwealth v. Clark,* 961 A.2d 80 (Pa. 2008). Here, this Court determined that the claims raised in Defendant's Amended PCRA Petition contained no genuine issues of material fact.

In Defendant's Amended PCRA Petition, he claimed trial counsel was ineffective and requested an evidentiary hearing, in part, to review the strategic decision made by counsel in failing to litigate the suppression motion. "[T]o merit entitlement to an evidentiary hearing on a claim of ineffectiveness, a defendant must "set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that ... counsel may have, in fact, been ineffective." *Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). As previously discussed, Defendant failed to offer evidence to prove specific facts which would entitle him to relief under the law. Our Supreme Court has held that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. *Commonwealth v. Paddy,* 15 A.3d 431, 443 (Pa.2011). Since

8

there were no genuine issues of material fact with regard to Defendant's ineffectiveness claim, an evidentiary hearing was not necessary.

Defendant also requested an evidentiary hearing, in part, to determine the credibility of the Police Officer. According to Defendant's signed certification, he intended to call Police Officer Ewing "to testify to the circumstances of stopping and searching the Petitioner, including outlining the name of the person who he obtained information from and the substance of that information."[1] This Court determined that a hearing was unnecessary.

To begin, Officer Ewing already testified to the circumstances of stopping and searching the Defendant at the September 13, 2010 waiver trial; such testimony would be duplicative and redundant. Moreover, Officer Ewing need not disclose the name of the Source and substance of the information he provided. Although Officer Ewing initially drove to 52nd Street and Girard Avenue based on information provided by the Source, Officer Ewing had independent reason to believe the Defendant was involved in criminal activity—Defendant was in a high-crime area and fled immediately after looking in the direction of the Police Officers. As previously discussed, a police officer is justified in reasonably suspecting that an individual is involved in criminal activity when that individual (1) is present in a high-crime area; and (2) engages in unprovoked, headlong flight after being confronted by the police or recognizing police presence in the immediate area. *Commonwealth v. Washington*, 51 A.3d 895, 898 (Pa.Super.2012). The existence, in combination, of these two factors alone is sufficient to establish reasonable suspicion. *Illinois v. Wardlow*, 528 U.S. 119, 124-25 (2000).

---

[1] Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible. 42 Pa.C.S.A. § 9545(d).

9

Finally, this Court presided over the September 13, 2010 trial and had the opportunity to view Officer Ewing's demeanor and evaluate his credibility; thus, an evidentiary hearing to determine the credibility of Police Officer Ewing was not necessary.[2]

Based on the foregoing, Defendant's claim should be dismissed. This Court properly disposed of Defendant's Amended PCRA Petition without conducting an evidentiary hearing.

## CONCLUSION

For all the foregoing reasons, this Court respectfully requests that its judgment be affirmed in its entirety.

BY THE COURT:

PAULA PATRICK, J.

---

[2] It is well-settled that the credibility of witnesses and the weight to be accorded the evidence are matters within the province of the trier of fact, who is free to believe all, some, or none of the evidence. *Commonwealth v. Taylor*, 324 Pa.Super. 420, 471 A.2d 1228 (1984).

10