**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Miguel MALDONADO, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 25, 2010.

Filed Feb. 14, 2011.

Hugh J. Burns, Jr., Assistant District Attorney and Anne Palmer, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Douglas L. Dolfman, Philadelphia, for appellee.

BEFORE: FORD ELLIOTT, P.J., GANTMAN and DONOHUE, JJ.

OPINION BY DONOHUE, J.:

In this case, the Commonwealth of Pennsylvania ("the Commonwealth") appeals from the order of court granting the motion to suppress evidence filed by Miguel Maldonado ("Maldonado"). We reverse.

The facts underlying this appeal are as follows. On November 9, 2008, Philadelphia Police Officer Christian Buckman ("Officer Buckman") was on patrol in his police cruiser when he observed that the registration sticker on the Oldsmobile in front of him was expired. After verifying with the Department of Motor Vehicles that the registration associated with the car's license plate had expired, Officer Buckman stopped the Oldsmobile.

Officer Buckman approached the vehicle and encountered Maldonado, who was the only occupant of the car. Upon speaking with Maldonado, Officer Buckman determined that Maldonado did not have a valid driver's license or proof of insurance for the vehicle, and that the vehicle was registered to a woman named Jacqueline Vasquez ("Vasquez"). Officer Buckman also discovered that there were three outstanding scofflaw warrants for Maldonado. For these reasons, Officer Buckman placed Maldonado into his squad car while he decided whether to arrest Maldonado or give him a subpoena for a court date.

Additionally, because the registration had expired and Maldonado had no proof of insurance or ownership for the car, Officer Buckman decided to impound the car, and so he called a tow truck. While waiting for the tow truck, Officer Buckman began to conduct an inventory of the vehicle's contents. After searching the interior of the passenger compartment, Officer Buckman opened the trunk, where he observed clothing, a baby stroller, and a black satchel. The satchel had an exterior pocket that was open, in which Officer Buckman observed two plastic bags filled with white powder, as well as a spoon with a white powder residue. Believing that these were narcotics, Officer Buckman removed the satchel from the trunk. As he did, he noticed that the bag was unusually heavy. He then opened the main compartment of the bag and found a firearm and a box of ammunition, as well as a digital scale and numerous unused Ziploc baggies. Officer Buckman then placed Maldonado under arrest.

Maldonado was subsequently charged with possession of a controlled substance, possession with the intent to deliver, possession of drug paraphernalia, persons not to possess firearms, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and possession of an instrument of crime.[1] He filed a motion seeking to suppress both the drugs and the firearm. Following a hearing on this motion and the submission of briefs by both parties, the trial court granted Maldonado's motion. This appeal follows, in

1. 35 P.S. § 780–113(a)(16),(30), (32); 18 Pa. C.S.A. §§ 6105, 6106, 6108, 907.

which the Commonwealth presents the following issues for our review:

1. Did the lower court err in granting [Maldonado's] motion to suppress the gun and drugs seized from the car searched, where [Maldonado] failed entirely to establish any reasonable expectation of privacy in the car or its contents?

2. Did the lower court err in suppressing the gun and drugs seized, where the inventory search was reasonable under the totality of the circumstances and certainly did not warrant the extreme remedy of suppression?

Appellant's Brief at 4.[2]

■ As we consider these issues, we are guided by the following standard of review:

When reviewing the propriety of a suppression order, an appellate court is required determine whether the record supports the suppression court's factual findings and whether the inferences and legal conclusions drawn by the suppression court from those findings are appropriate. Where the record supports the factual findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. However, where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's conclusions of law are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Foglia,* 979 A.2d 357, 360 (Pa.Super.2009) (internal citations and quotes omitted).

■ The Commonwealth first contends that the trial court erred in granting Maldonado's motion to suppress because Maldonado failed to establish that he had a reasonable expectation of privacy in the vehicle. We agree.

■ "A defendant moving to suppress evidence has the preliminary burden of establishing standing and a legitimate expectation of privacy." *Commonwealth v. Burton,* 973 A.2d 428, 435 (Pa.Super.2009) (*en banc*).

Standing requires a defendant to demonstrate one of the following: (1) his presence on the premises at the time of the search and seizure; (2) a possessory interest in the evidence improperly seized; (3) that the offense charged includes as an essential element the element of possession; or (4) a proprietary or possessory interest in the searched premises. A defendant must separately establish a legitimate expectation of privacy in the area searched or thing seized. Whether defendant has a legitimate expectation of privacy is a component of the merits analysis of the suppression motion. The determination whether defendant has met this burden is made upon evaluation of the evidence presented by the Commonwealth and the defendant.

With more specific reference to an automobile search, this Court has explained as follows: generally under Pennsylvania law, a defendant charged with a possessory offense has automatic standing to challenge a search. However, in order to prevail, the defendant, as a preliminary matter, must show that he

---

**2.** Pursuant to Pennsylvania Rule of Appellate Procedure 311(d), the Commonwealth certified in its notice of appeal that the order

under review "terminates or substantially handicaps the prosecution." Notice of Appeal, 8/26/09.

had a privacy interest in the area searched.

*Id.* (citations omitted).

In *Burton*, the defendant was driving a car with passengers in tow. He was pulled over for a routine traffic violation. When asked for his driver's license, registration and insurance information, the defendant gave the police officer a non-driver's license identification card from New York and a rental agreement for the car, which had expired. The defendant was not the lessee named on the rental agreement. The named lessee was not a passenger in the car, and neither the defendant nor his passengers offered an explanation as to their connection to the car or the named lessee. We concluded:

> In the instant case, the vehicle was not owned by [Burton]. The vehicle was not registered in [Burton's] name. [Burton] offered no evidence that he was using the vehicle with the authorization or permission of the registered owner. [Burton] offered no evidence to explain his connection to the vehicle or his connection to the registered owner of the vehicle. [Burton] failed to demonstrate that he had a reasonably cognizable expectation of privacy in a vehicle that he did not own, that was not registered to him, and for which he has not shown authority to operate.

*Id.* at 436.

In a similar manner, the deficit of evidence drives our determination in the present appeal. At the suppression hearing, Maldonado bore the burden of establishing that he had a reasonable expectation of privacy in the automobile.[3] *Id.* at 435. At the suppression hearing, the Commonwealth presented only the testimony of Officer Buckman, and Maldonado did not present any witnesses. The evidence elicited at that time establishes that the vehicle was owned by Vasquez. Officer Buckland testified, on cross-examination, that Maldonado told him that Vasquez was his girlfriend and that they lived together at the address to which the vehicle was registered. N.T., 7/6/09, at 18–19. However, there was no evidence that Maldonado had permission from Vasquez to drive the car. When Maldonado's counsel asked Officer Buckman whether Maldonado told him that Vasquez had given him permission to drive her car, Officer Buckman stated only that he did not recall asking Maldonado that question. *Id.* at 19. Of note, although it appears that Vasquez attended the suppression hearing, Maldonado did not call her to testify that she had given Maldonado permission to drive her car on the day in question.[4]

The fact that Maldonado and Vasquez might have lived together and had a romantic relationship does not foreclose the possibility that Maldonado was driving Vasquez's vehicle without her knowledge or permission. For that reason, we conclude that Maldonado failed to establish an expectation of privacy in the vehicle he was driving, which "he did not own, that was not registered to him, and for which he has not shown authority to operate."

---

**3.** Although not at issue in this appeal, we note that Maldonado had automatic standing to challenge the search, as he was charged with possessory offenses. *See Burton*, 973 A.2d at 435. A defendant with standing must still establish a reasonable expectation of privacy in the area searched. *Commonwealth v. Peterson*, 535 Pa. 492, 497, 636 A.2d 615, 617–18 (1993).

**4.** We reject Maldonado's assertion that Vasquez's presence at the suppression hearing "inidcat[es] her consent to [Maldonado] driving her car." Appellee's Brief at 10. We know of no authority that would allow us to draw such an inference based solely on her presence, and Maldonado provides none.

*Burton,* 973 A.2d at 436. We therefore reverse the trial court's order granting Maldonado's motion to suppress. In light of this determination, we will not reach the second issue presented on appeal by the Commonwealth; instead, we remand this case for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.