J. S03011/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TYRONE DWAYNE CURTIS, | : | No. 1273 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, May 23, 2013,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0003550-2012

BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MAY 11, 2015**

Appellant appeals the judgment of sentence imposed following his conviction on drug and firearm offenses. Finding that appellant was improperly sentenced under a mandatory minimum sentencing statute that has since been declared unconstitutional, we will vacate the judgment of sentence and remand for resentencing.

The trial court accurately summarized the factual background:

> On March 24, 2012, Trooper Brian Richardson of the Pennsylvania State Police executed a traffic stop on a silver Ford Edge SUV that was traveling southbound on I-95. Prior to initiating the traffic stop, Trooper Richardson clocked the vehicle for over 0.3 miles traveling 64 mph in a properly posted 55 mph zone. The Trooper followed the vehicle for approximately one mile before activating his emergency lights and pulling the vehicle over. A registration search revealed the owner of the vehicle

was Spallco, a rental company. The vehicle was not reported stolen.

Upon approaching the driver's side of the vehicle to request driver identification and registration information, Trooper Richardson smelled the strong odor of raw marijuana. The driver, later identified as [appellant], did not have a driver's license or other proof of identification on his person and identified himself as "Keith Williams." [Appellant] provided a Maryland address, date of birth and Social Security Number. [Appellant] advised Trooper Richardson that the vehicle was rented by a family friend and that he did not have any rental documentation. The passenger identified himself as John Barrett (the "Defendant") via his Delaware driver's license.

Trooper Richardson returned to his patrol vehicle and conducted a CLEAN/NCIC query on both parties. The search of the name and date of birth given by the driver revealed no social security number, and a search of the social security number provided by driver revealed a different name. Criminal history of the passenger, Defendant Barrett, revealed an extensive criminal history, including drug convictions.

Trooper Richardson requested back-up, and an officer from Tinicum Police Department arrived on scene and pulled in front of the suspect vehicle with lights activated. Trooper Richardson exited his patrol vehicle and asked the driver, [appellant], to exit the vehicle. Trooper Richardson conducted a pat-down search of [appellant] and then requested he sit on the bumper of the patrol vehicle. Trooper Richardson then approached the passenger side of the vehicle and requested that the passenger, Co-Defendant Barrett, exit the vehicle. As Barrett opened the door to exit the vehicle, Trooper Richardson viewed a blue and tan "Polo" bag being held up behind Defendant Barrett's calves below the front passenger seat. Trooper Richardson conducted a pat-down search and then requested

> that Barrett go to where driver was sitting in front of the patrol car.
>
> Trooper Richardson approached [appellant] and asked him for consent to search the vehicle. [Appellant] signed the Pennsylvania State Police Waiver of Rights and Consent to Search form with the name "Keith Williams" in the consenter line.
>
> After receiving consent to search, Trooper Richardson conducted a hand search of the vehicle. A search of the blue and tan polo bag revealed it contained 7 containers containing suspected Marijuana, one digital scale, 9 empty containers commonly used to contain Marijuana, and one Bersa 380 ACP handgun which was loaded with 7 rounds of ammunition.

Trial court opinion, 7/7/14 at 1-2.

On March 21, 2013, a jury convicted appellant of possession of a controlled substance with intent to deliver ("PWID"), criminal conspiracy, receiving stolen property, carrying a firearm without a license, and false identification to law enforcement authorities.[1] On March 22, 2013, the trial court additionally found appellant guilty of persons not to possess firearms and driving while license is suspended, DUI related.[2] On May 23, 2013, appellant was sentenced to an aggregate term of 8 to 16 years' imprisonment plus 8 years' probation. Pursuant to 42 Pa.C.S.A.

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 903(c), 3925(a), 6106(a)(1), and 4914(a), respectively.

[2] 18 Pa.C.S.A. § 6105 and 75 Pa.C.S.A. § 1543(b)(1), respectively. Appellant agreed to a bench trial as to the persons not to possess firearms count and the other count is a summary offense.

§ 9712.1(a), appellant received a mandatory minimum sentence for PWID of 5 to 10 years because he possessed a firearm with the controlled substance.

Appellant did not immediately file a notice of appeal. On March 21, 2014, the trial court granted appellant's petition to reinstate his direct appeal rights **nunc pro tunc**. This timely appeal followed.

Appellant raises the following issues on appeal:

> I. Whether the Court erred in denying defendant's Motion to Suppress the marijuana and handgun seized from the blue and tan canvas Polo bag since the investigating officer searched the bag without a search warrant, the requisite probable cause, reasonable suspicion or valid consent[?]
>
> II. Whether the trial court's sentence pursuant to the mandatory minimum statute, is proper and constitutional in light of **Alleyne v. United States**, 133 S.Ct. 2151 (2013) and **Commonwealth v. Newman**, 2014 PA Super 178 (2014)[?]

Appellant's brief at 4. We will address these matters in the order presented.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression

court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Perel*, 107 A.3d 185, 188 (Pa.Super. 2014), quoting *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (citations omitted), *cert. denied*, *Jones v. Pennsylvania*, 562 U.S. 832 (2010).

The trial court properly denied suppression. In order for a search to be deemed unreasonable and unconstitutional, a defendant has to demonstrate that he or she has an expectation of privacy in the place that is searched. *Commonwealth v. Edwards*, 874 A.2d 1192, 1195 (Pa.Super. 2005). Instantly, the car that was searched was not owned by appellant, but was a rental vehicle that appellant claimed was rented by a friend. However, at the suppression hearing, appellant presented no evidence that he had permission to operate the vehicle or had any other legitimate connection to the vehicle. Under similar circumstances, our courts have found that no expectation of privacy has been shown.

> In the instant case, the vehicle was not owned by Appellant. The vehicle was not registered in Appellant's name. Appellant offered no evidence that he was using the vehicle with the authorization or permission of the registered owner. Appellant offered no evidence to explain his connection to the vehicle or his connection to the registered owner of the vehicle. Appellant failed to demonstrate that he had a reasonably cognizable expectation of privacy in a vehicle that he did not own, that was not

> registered to him, and for which he has not shown authority to operate.

*Commonwealth v. Burton*, 973 A.2d 428, 436 (Pa.Super. 2009).

> At the suppression hearing, Maldonado bore the burden of establishing that he had a reasonable expectation of privacy in the automobile. *Id.* at 435. At the suppression hearing, the Commonwealth presented only the testimony of Officer Buckman, and Maldonado did not present any witnesses. The evidence elicited at that time establishes that the vehicle was owned by Vasquez. Officer Buckland testified, on cross-examination, that Maldonado told him that Vasquez was his girlfriend and that they lived together at the address to which the vehicle was registered. N.T., 7/6/09, at 18-19. However, there was no evidence that Maldonado had permission from Vasquez to drive the car. When Maldonado's counsel asked Officer Buckman whether Maldonado told him that Vasquez had given him permission to drive her car, Officer Buckman stated only that he did not recall asking Maldonado that question. *Id.* at 19. Of note, although it appears that Vasquez attended the suppression hearing, Maldonado did not call her to testify that she had given Maldonado permission to drive her car on the day in question.
>
> The fact that Maldonado and Vasquez might have lived together and had a romantic relationship does not foreclose the possibility that Maldonado was driving Vasquez's vehicle without her knowledge or permission. For that reason, we conclude that Maldonado failed to establish an expectation of privacy in the vehicle he was driving, which "he did not own, that was not registered to him, and for which he has not shown authority to operate." We therefore reverse the trial court's order granting Maldonado's motion to suppress.

*Commonwealth v. Maldonado*, 14 A.3d 907, 911-912 (Pa.Super. 2011)

(footnotes and citations omitted).

Instantly, the car at issue was a rental vehicle not rented in appellant's name and appellant did not present evidence that he had the permission of the person who rented the vehicle to operate it. Consequently, appellant has not demonstrated an expectation of privacy and cannot attack the search as unreasonable and unconstitutional.

Appellant cites *United States v. Kennedy*, 638 F.3d 159 (3rd Cir. 2011), *cert. denied*, *Kennedy v. U.S.*, 132 S.Ct. 997 (2012), for the proposition that a person who borrows a rental car but is not an authorized driver under the rental agreement has a reasonable expectation of privacy in the car. (Appellant's brief at 9.) Appellant has misread *Kennedy*. In fact, *Kennedy* holds that a person who has the permission of the renter to operate the rental car, but is not an authorized driver under the rental agreement, has no expectation of privacy in the vehicle. *Kennedy*, 638 F.3d at 165. Thus, *Kennedy* affords appellant no relief.

Moreover, even if appellant had an expectation of privacy in the car, the police had probable cause to search the vehicle. The police observed appellant's vehicle travelling at 64 m.p.h. in an area zoned for 55 m.p.h. for a distance in excess of three-tenths of a mile. Thus, the police witnessed a speeding violation pursuant to 75 Pa.C.S.A. § 3368(a), and had probable cause to conduct a vehicle stop. Thereafter, when the officers approached the car and detected the strong odor of raw marijuana, they had probable cause to suspect that appellant's vehicle contained a controlled substance

and were permitted to search the vehicle under the automobile exception to the ordinary warrant requirement. *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014).[3]

Appellant cites *United States v. Chadwick*, 433 U.S. 1 (1977), for the proposition that the automobile exception to the warrant requirement does not extend to closed containers found within the automobile and seized by police. However, the United States Supreme Court subsequently overruled *Chadwick*, permitting closed containers found in the automobile to be searched. *California v. Acevedo*, 500 U.S. 565, 579-581 (1991). We find that the trial court properly denied suppression.

We now turn to appellant's second issue pertaining to the constitutionality of his mandatory minimum sentence following the decisions in *Alleyne v. United States* and *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014). *Alleyne* held that any fact that served to aggravate the minimum sentence could not be considered a sentencing factor determined by the trial court by a preponderance of the evidence, but had to be found

---

[3] In *Gary*, our supreme court recently decided that Pennsylvania's automobile exception to the warrant requirement was in accord with current federal jurisprudence; that is, that only probable cause and no exigency beyond the inherent mobility of a motor vehicle is required to permit a warrantless vehicle search. We note in passing that the supreme court issued *Gary* under the caption "Opinion Announcing the Judgment of the Court," which the supreme court commonly employs when rendering a plurality opinion. However, our reading of Justice Saylor's concurrence indicates to us that he fully joins the three-Justice Majority. Consequently, we do not regard *Gary* as a plurality opinion.

by a jury beyond a reasonable doubt. ***Newman*** ruled that ***Alleyne*** specifically rendered the mandatory minimum sentencing provision under which appellant was sentenced, 42 Pa.C.S.A. § 9712.1, unconstitutional.

The mandatory minimum sentencing provision at issue reads as follows:

> **(a)** **Mandatory sentence.--**Any person who is convicted of a violation of section 13(a)(30) of the act of April 14, 1972 (P.L. 233, No. 64), [PWID] known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.
>
> **(c)** **Proof at sentencing.--**Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9712.1(a) and (c). We note that it is Subsection (c) that runs afoul of ***Alleyne*** because it declares that possession of a firearm is not

an element of the crime, because prior notice to the defendant is not required, and because possession is determined by the trial court rather than the jury and by a preponderance of the evidence rather than beyond a reasonable doubt.

The lower court found that appellant's mandatory minimum sentence was sustainable pursuant to the rationale in *Commonwealth v. Watley*, 81 A.3d 108 (Pa.Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2014). In *Watley*, the defendant had been convicted by a jury of the separate offenses of PWID and carrying a firearm without a license. The trial court imposed the mandatory minimum sentence under 42 Pa.C.S.A. § 9712.1 because the appellant possessed a firearm at the time he committed the PWID offense. While the *Watley* court acknowledged that *Alleyne* had rendered Section 9712.1 unconstitutional, the court could allow the mandatory minimum sentence to stand because the concerns of *Alleyne* had been addressed by the jury's separate finding that the appellant possessed a firearm beyond a reasonable doubt and which offense arose from the same incident as the PWID offense. The court below then concluded that because separate PWID and firearm convictions were also reached by the jury instantly, the mandatory minimum sentence could likewise be sustained. We disagree.

Since the decision in *Watley* and before this appeal, our court subsequently decided *Newman*. *Newman* held that *Alleyne* did, in fact,

- 10 -

render Section 9712.1 unconstitutional and that sentences issued thereunder were improper and must be vacated. *Newman* also held that both Subsections 9712.1(a) and (c) were rendered void over an argument that *Alleyne* applied to only Subsection 9712.1(c), "the enforcement arm," and not to Subsection 9712.1(a), "the predicate arm." *Newman*, 99 A.3d at 101. Pursuant to that argument, the Commonwealth suggested merely remanding the case for review by a sentencing jury. *Newman* rejected that approach as tantamount to legislating a new enforcement procedure, and that it was more appropriately the province of the General Assembly to address. We find that adopting the analysis suggested by *Watley* likewise would result in a judicially crafted enforcement arm, allowing the mandatory minimum sentence to stand where there are separate convictions for PWID and possession of a firearm. *Newman* effectively "wiped the slate clean," allowing no sentence to stand under Section 9712.1, because that section is unconstitutional in whole.

Accordingly, we will affirm the decision as to appellant's suppression issue, but we must vacate appellant's sentence and remand for resentencing.

Judgment of sentence as to suppression is affirmed; judgment of sentence as to sentencing is reversed. Sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

J. S03011/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2015