**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JORDASHA KASHINA TAYLOR | |
| Appellant | No. 25 MDA 2017 |

Appeal from the Judgment of Sentence October 28, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004634-2015

BEFORE:  BOWES, OLSON, AND RANSOM, JJ.

MEMORANDUM BY BOWES, J.:                **FILED FEBRUARY 13, 2018**

Jordasha Kashina Taylor appeals from the October 28, 2016 judgment of sentence of one to two years imprisonment that was imposed after a jury convicted him of possession of a controlled substance with intent to deliver and conspiracy.  We vacate the judgment of sentence and remand for a new suppression hearing.

As the critical issues in this appeal concern the resolution of Appellant's suppression motion, we outline the pertinent facts from the hearing on that motion. The charges herein rested on the fact that, after conducting a traffic stop, police discovered a large amount of marijuana in a vehicle.  Appellant was a passenger in the vehicle, an SUV that his wife had rented and was driving.  Appellant filed a motion to suppress, complaining

that the traffic stop and the vehicle's search were unconstitutional and that certain remarks that he made to police during the interdiction were also subject to suppression.

At the inception of the suppression proceeding, the Commonwealth asserted that Appellant could not establish that he had standing to contest the propriety of the vehicular stop and search because he was unable to "establish a reasonable expectation of privacy" in the SUV. N.T. Hearing, 4/4/16, at 3. *Id*. The Commonwealth noted that Appellant's wife had rented the vehicle in question, and the rental agreement permitted only her to drive it. Even though Appellant's wife was actually driving the vehicle when it was stopped, the Commonwealth maintained that Appellant was not able to "establish any legitimate expectation of privacy, as he was the passenger, and it was not his vehicle." *Id*. at 4. Appellant countered that he did have a legitimate expectation of privacy in the SUV, as it was being driven by his wife as authorized by the rental agreement. *Id*. at 7. The trial court thereafter accepted the Commonwealth's position that, as a passenger in a car that he did not own, Appellant lacked standing to suppress any of the evidence. *Id*. at 10. Due to this ruling, Appellant's suppression challenge was limited to ascertaining whether the statements that he made during the interdiction should be suppressed.

Thereafter, State Trooper David Long testified to the following. Just prior to 1:00 p.m. on June 30, 2015, he was on duty when he came in

contact with Appellant after a "traffic stop that was initiated on a vehicle he was present in" on Interstate 81, just south of the Hersey exit. *Id*. at 12. Trooper Long articulated that the only reason that he stopped the vehicle was that it "traveled off the roadway," which constituted a violation of "roadways laned for traffic." *Id*. at 12. Appellant's wife was operating the SUV with a valid license pursuant to a rental agreement, and Appellant was the sole passenger. The Trooper approached Appellant, and, when Appellant rolled down his window, Trooper Long detected the odor of marijuana and alcohol, which he knew was used to mask the smell of marijuana. Based upon the fact that he smelled marijuana, Trooper Long decided to conduct a search of the vehicle. After Trooper Long informed Appellant and his wife that he was going to search the SUV, Appellant admitted to smoking marijuana. Trooper Long thereafter conducted the search, discovering a garbage bag containing twelve one-pound bags of marijuana in the rear cargo area of the SUV.

After the suppression court denied the motion to suppress Appellant's admission that he had smoked marijuana, Appellant proceeded to a jury trial, where he was convicted of possession of a controlled substance with intent to deliver and conspiracy. This appeal followed imposition of a sentence of one to two years imprisonment, Appellant raises the following contentions on appeal:

I. Whether a new suppression hearing is warranted where the trial court denied a defendant's suppression motion based on an error of constitutional law that a passenger of a vehicle lacks standing to challenge the legality of a traffic stop?

    A. Whether the trial court's refusal to conduct a full suppression hearing based on an error of constitutional law represents reversible error?

II. Whether the trial court abused its discretion by denying [Appellant's] Motion to Suppress Evidence absent sufficient evidence or testimony to establish that the challenged evidence was not obtained improperly?

III. Whether the trial court abused its discretion when it declined to excuse a prospective juror for cause where the juror was married to [Appellant's] previously court-appointed defense attorney, who had represented [Appellant] at his Preliminary Hearing and had entered her appearance as trial counsel in the Court of Common Pleas?

Appellant's brief at 4.

We first address the suppression issues raised herein. "[O]ur standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." **Commonwealth v. Singleton**, 169 A.3d 79, 82 (Pa.Super. 2017) (citations omitted). Additionally, our "scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial." **Id**. (citation omitted; emphasis added); **see also Commonwealth v. Coleman**, 130 A.3d 38 (Pa.Super. 2015).

In this case, the trial court did not render any factual findings due to its legal conclusion that Appellant did not have standing to contest the constitutional validity of the vehicular stop and search. On appeal, the Commonwealth repeats its position that Appellant, as a passenger in a vehicle, had no reasonable expectation of privacy in that vehicle and did not have the ability to contest the constitutionality of either the traffic stop or the vehicular search.

Based upon our review of the record and case law, we first conclude that the trial court committed an error of law in holding that Appellant lacked standing to contest the validity of the vehicular stop. As we outlined in *Commonwealth v. Brown*, 64 A.3d 1101 (Pa.Super. 2013), standing in the context of the Fourth Amendment search and seizure jurisprudence allows a defendant to assert the existence of a constitutional violation and to seek suppression of any evidence discovered as the result of that illegal seizure or search. In Pennsylvania, a defendant charged with a possessory crime enjoys automatic standing. *Id*. Nevertheless, to "prevail in a challenge to the search and seizure" a defendant accused of a possessory crime must also establish, as a threshold matter, a legally cognizable expectation of privacy in the area seized or searched. *Id*. at 1107. Such expectation of privacy must be one that society is prepared to accept as legitimate. *Id*.

The case law relating to seizures and searches is factually driven. When a defendant is complaining about a seizure, the critical inquiry is

simply whether the person seized is legitimately at the location where the seizure occurred. This concept is best illustrated by **Brendlin v. California**, 551 U.S. 249 (2007), where officers stopped a car to check its registration but had no reason to believe that the car was not registered or was otherwise being operated in violation of the law. Brendlin was a passenger in the illegally seized car, police recognized him as a parole violator, and Brendlin was arrested. The police then searched the car and uncovered drug paraphernalia. The United States Supreme Court held that, when police engage in a vehicular stop, a passenger is seized for purposes of the Fourth Amendment and can challenge the validity of the seizure, *i.e.*, the traffic stop.

Our Supreme Court more recently applied this precept in **Commonwealth v. Shabezz**, 166 A.3d 278 (Pa. 2017), where Shabezz was a passenger in a vehicle that was unconstitutionally seized by police officers. Thereafter, police uncovered drugs and weapons both in the vehicle and on Shabezz. Our Supreme Court concluded that Shabezz had standing to contest the traffic stop due to his status as a passenger in the car, and, since that stop was concededly illegal, could seek suppression of any evidence flowing it. **Shabezz**, **supra** at 289 (the "dispositive legal issue is the causal relationship between the traffic stop and the discovery of the evidence: whether the evidence found in the car was 'fruit' of the illegal stop."). Thus, the position that Appellant, simply due to his status as a

passenger in a vehicle, had no reasonable expectation of privacy in that vehicle sufficient to contest the constitutionality of his seizure by the traffic stop is contrary to **Brendlin** and **Shabezz**. Thus, Appellant had standing to contest the validity of the traffic stop, and the suppression court's decision to the contrary was an error of law.

For purposes of Appellant's ability to contest the validity of the vehicular search, a different standard applies. Being present in a vehicle is not sufficient, in and of itself, to confer standing to contest the validity of a vehicular **search**. **Rakas v. Illinois**, 439 U.S. 128 (1978). Indeed, the difference in our treatment between standing in the vehicular seizure context and the vehicular search context is illustrated by **Brown**, **supra**. Brown was driving a truck, which was owned by a man named Hershberger. We addressed Brown's complaint that the truck's seizure was unconstitutional. We then turned to Brown's averment that the truck's search was infirm and concluded that he lacked the ability to contest the constitutionality of the search because he had not proven that he had the owner's permission to be driving it. We held Brown's failure to adduce proof that he had the owner's permission meant that Brown had not established a legitimate expectation of privacy in the truck sufficient to litigate the constitutionality of the search.

Our holding in **Brown** is merely one in a long line of cases where this Court has refused to entertain a challenge to a vehicular search if the

defendant does not own the vehicle and has not established that he was in it with the owner's permission. In **Commonwealth v. Maldonado**, 14 A.3d 907 (Pa.Super. 2011), the defendant was driving a car, which was stopped and searched. While no challenge to the vehicular stop was raised, Maldonado did maintain that the search was infirm. The Commonwealth proved that the vehicle was owned by Maldonado's girlfriend, and Maldonado did not present his girlfriend's testimony to establish that he was driving it on the day of the search with her permission. Since there was no proof that Maldonado was driving his girlfriend's car with her permission when the search occurred, we refused to accord him a legitimate expectation of privacy in the vehicle sufficient to allow him to contest the search.

Similarly, in **Commonwealth v. Burton**, 973 A.2d 428 (Pa.Super. 2009) (*en banc*), Burton was driving a rental vehicle, and was stopped after he committed a traffic infraction. Burton did not have a driver's license, was driving the vehicle pursuant to an expired rental agreement, and was not the rental contract's named lessee, who was not in the vehicle. We concluded that Burton failed to demonstrate that he had a reasonably cognizable expectation of privacy in the vehicle sufficient to contest its search in light of the fact that he did not own it, had not rented it, and had offered no evidence that he had any legitimate authority to drive it. **See also Commonwealth v. Millner**, 888 A.2d 680 (Pa. 2005) (defendant did not have legitimate expectation of privacy sufficient to contest search of

vehicle where record established it was owned by a third person and defendant never suggested that he had permission to use vehicle from owner).

On the other hand, if it is established that a vehicle is being driven **with** the permission of the owner, a defendant's status as driver or passenger is irrelevant to the determination of whether he had a legitimate expectation of privacy in the vehicle. In **Commonwealth v. Caban**, 60 A.3d 120 (Pa.Super. 2012),[1] we stated that there was no "distinction between automobile drivers and passengers . . . in determining whether a reasonable expectation of privacy exists in a particular case." **Id**. at 130. Therein, we ruled that, where there is proof that the owner of a vehicle has given permission to use the vehicle either to the driver or to the passenger, then both the driver and the passenger enjoy a legitimate expectation in the vehicle sufficient to allow them to contest the validity of a search.

In this case, the SUV was rented to Appellant's wife, she was legally driving it pursuant to the terms of a rental agreement, and the rental

---

[1] We note that **Caban** reviewed both the trial and suppression transcripts in assessing the suppression issue before it. In **Commonwealth v. Coleman**, 130 A.3d 38, 42 n.1 (Pa.Super. 2015), we observed that **Caban** incorrectly analyzed the suppression issue by examining the trial evidence and that we are permitted to review only the suppression transcript when ruling on a suppression motion. **See In re L.J.,** 79 A.3d 1073 (Pa. 2013) (prospectively holding that an appellate court cannot consider trial evidence in determining the correctness of a suppression court ruling and is confined to a review of the suppression transcript).

agreement had not expired. Thus, Appellant's wife was using the SUV with the permission of its owner, the rental company, and both Appellant and his wife had a reasonable expectation of privacy in the SUV sufficient to have standing to contest the validity of the search.

In conclusion, Appellant had the standing to litigate whether the vehicular stop was constitutional. If the initial stop was invalid, then the marijuana herein must be suppressed as it was found as a direct result of the traffic stop. If the vehicular stop was valid, Appellant still retains the right to contest the legality of the search of the SUV. Due to the truncated nature of the suppression hearing, which was the result of incorrect legal determinations, we are unable to ascertain whether the traffic stop was legal or whether the SUV's ensuing search was constitutional.

The Commonwealth maintains that the suppression order should be affirmed because the record establishes that Appellant's wife violated 75 Pa.C.S. § 3309(1), which states, "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety." We reject this position. The court did not permit the record to be sufficiently developed due to its misapprehension of the applicable law. Officer Long did not indicate whether Appellant's wife left her lane of travel without cause. The statute in question clearly permits a driver to leave his lane of travel when it is not practicable to stay in the lane. Officer Long's

testimony at the suppression hearing, which is the only transcript we are permitted to consider in deciding this question, failed to establish that there was no valid reason for her to leave her lane of travel.

Additionally, Appellant was not permitted to litigate the issue of whether Officer Long conducted a constitutional search of the SUV, which is an entirely independent inquiry.

In light of the foregoing, it is clear that Appellant is entitled to another suppression hearing, and we need not decide the third issue raised on appeal.

Order vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/13/2018