J-S41026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAQUANE HALL | : | |
| | : | |
| Appellant | : | No. 2395 EDA 2017 |

Appeal from the Judgment of Sentence July 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007535-2016

BEFORE: GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED AUGUST 28, 2018**

Appellant, Raquane Hall, appeals from the judgment of sentence entered on July 5, 2017, following his bench trial convictions of possession of a controlled substance, possession with intent to distribute a controlled substance (PWID), possession of drug paraphernalia, and conspiracy to commit PWID.[1] Appointed counsel has filed a petition for leave to withdraw as counsel in conjunction with a brief pursuant to **Anders**.[2] Upon review, we grant counsel permission to withdraw and affirm Appellant's judgment of sentence.

_____

[1] 35 P.S. §§ 780-113(a)(16), 780-113(a)(30), 780-113(a)(32), and 18 Pa.C.S.A. § 903, respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

_____

* Former Justice specially assigned to the Superior Court.

Upon review of the certified record, we briefly summarize the facts and procedural history of this case as follows. On June 15, 2016 at 8:15 p.m., Officer Stephen Shippen of the Philadelphia Police Department's Narcotics Enforcement Team arrived at the 2300 block of Sydenham Street to investigate a complaint of narcotics sales. N.T., 4/12/2017, at 15-16. When he arrived, he observed Appellant and his co-defendant standing in front of a mechanic's shop. *Id.* at 17. Officer Shippen saw a woman in a purple dress approach Appellant and hand him an unknown amount of U.S. currency. *Id.* at 18. Appellant crossed the street and retrieved a black bag from the passenger side of a black Cadillac. *Id.* at 19. Appellant removed small items from the bag and handed them to the woman in purple who promptly left the area without police stopping her. *Id.* Ten minutes later, a man in a black shirt approached Appellant and handed him money. *Id.* Appellant crossed the street and retrieved the same bag from the same Cadillac. *Id.* Appellant removed small items from the bag, handed them to the man in black, who promptly left the area without police intervention. *Id.* After ten more minutes, another woman approached Appellant's co-defendant. *Id.* She handed the co-defendant currency and co-defendant retrieved small items from the same black bag from the same Cadillac as Appellant. *Id.* at 19-20. Officer Shippen believed that these hand-to-hand transactions were narcotics sales. *Id.* at 20. A back-up officer stopped the third woman and recovered a blue pill from her right, front pocket that later tested positive as oxycodone. *Id.* 20-21. Police arrested Appellant and his co-defendant. *Id.* at 21. In

searches incident to their arrest, police recovered $365.00 from Appellant and $57.00 from co-defendant. *Id.* Because neither Appellant nor co-defendant owned the Cadillac, police unsuccessfully attempted to locate the owner of the vehicle at his last known address. *Id.* at 35. Police then searched the Cadillac without a warrant, and recovered the black bag from the rear, passenger seat. *Id.* at 23. The black bag contained 80 oxycodone pills, two jars with marijuana, and 34 unused, clear jars. *Id.* From the trunk, police recovered a silver scale, a sandwich bag and 25 jars containing marijuana, as well as three prescription bottles containing, respectively, 90 pills of ibuprofen, 30 pills of Amlodipine, and 18 pills of Naprosyn. *Id.* The Commonwealth charged Appellant with possession of narcotics, PWID, possession of paraphernalia, and conspiracy.

Prior to trial, Appellant filed a counseled motion to suppress all of the physical evidence because police recovered it without a warrant. The trial court heard testimony on the motion just prior to the bench trial and denied Appellant's motion to suppress. *Id.* at 59. The trial court heard additional testimony and found Appellant guilty of all of the aforementioned charges. *Id.* at 82. On July 5, 2017, the trial court sentenced Appellant to an aggregate sentence of seven years of probation. This timely appeal resulted.[3]

---

[3] Appellant filed a timely notice of appeal. Trial counsel requested to withdraw. The trial court entered an order permitting trial counsel to withdraw and appointing appellate counsel to represent Appellant. The trial court ordered Appellant to file a concise statement of errors complained of on appeal

On March 5, 2018, appellate counsel for Appellant filed a petition to withdraw from representing Appellant. He also filed an ***Anders*** brief, setting forth two issues that Appellant believes have arguable merit, but which counsel believes are frivolous. Appellant's counsel further claims there are no other, non-frivolous issues Appellant could raise on appeal.

Before examining the appeal, we must first decide whether counsel met the procedural requirements to withdraw. Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief meeting the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems

---

pursuant to Pa.R.A.P. 1925. Counsel for Appellant complied timely, filing a statement pursuant to Pa.R.A.P. 1925(c)(4) indicating his intention to file an ***Anders*** brief on appeal. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(c)(4) on December 6, 2017, finding that after its independent review, there was no merit to Appellant's appeal.

worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief.

After determining that counsel has satisfied these technical requirements [], this Court must then conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel.

**Commonwealth v. Schmidt**, 165 A.3d 1002, 1006 (Pa. Super. 2017)

(internal citations, quotations, and brackets omitted).

Upon review, counsel for Appellant lists the following issues as claims

that, according to Appellant, possess arguable merit:

1. The [trial] court erred by denying Appellant's motion to suppress because the Commonwealth failed to establish that police had the legal right to search the vehicle in which the contraband was recovered.

2. The evidence was insufficient to sustain the verdict because the Commonwealth's evidence indicated that Appellant was merely present given that neither of suspected buyers to whom Appellant allegedly sold small items were stopped by police following alleged transactions.

Anders Brief at 13.

On the first issue, Appellant contends, in sum:

With regard to Appellant's first claim, he contends that the trial court committed an abuse of discretion by denying his [m]otion to [s]uppress the items found in the car because the Commonwealth failed to establish that the police had the legal right to search the Cadillac. He asserts that he had an expectation of privacy in the vehicle and that the search was illegal because the police did not secure a warrant before searching the Cadillac.

**Id.** at 14.

Our standard of review regarding suppression is as follows:

When reviewing the propriety of a suppression order, an appellate court is required to determine whether the record supports the

suppression court's factual findings and whether the inferences and legal conclusions drawn by the suppression court from those findings are appropriate. Where the record supports the factual findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. However, where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's conclusions of law are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts.

A defendant moving to suppress evidence has the preliminary burden of establishing standing and a legitimate expectation of privacy.

Standing requires a defendant to demonstrate one of the following: (1) his presence on the premises at the time of the search and seizure; (2) a possessory interest in the evidence improperly seized; (3) that the offense charged includes as an essential element the element of possession; or (4) a proprietary or possessory interest in the searched premises. A defendant must separately establish a legitimate expectation of privacy in the area searched or thing seized. Whether defendant has a legitimate expectation of privacy is a component of the merits analysis of the suppression motion. The determination whether defendant has met this burden is made upon evaluation of the evidence presented by the Commonwealth and the defendant.

With more specific reference to an automobile search, this Court has explained as follows: generally under Pennsylvania law, a defendant charged with a possessory offense has automatic standing to challenge a search. However, in order to prevail, the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched.

*Commonwealth v. Maldonado*, 14 A.3d 907, 910–911 (Pa. Super. 2011) (internal citations omitted). We have previously determined that a defendant may show a privacy interest in a vehicle by showing his ownership or his registration of the vehicle or that he was using the vehicle with the authorization or permission of the registered owner of the vehicle. *Id.* at 911.

- 6 -

Here, the Commonwealth charged Appellant with possessory offenses; hence, he had automatic standing to challenge the vehicle search. Nevertheless, to obtain relief Appellant bore the burden of establishing a reasonable expectation of privacy in the Cadillac. Upon review of the suppression hearing, there was no evidence presented that the vehicle was owned or registered to Appellant or his co-defendant. Likewise, there was no evidence that either Appellant or his co-defendant had the authorization or permission of the registered driver to operate the vehicle. As such, Appellant failed to prove he had a privacy interest in the Cadillac and, therefore, the trial court did not err in denying suppression. Hence, Appellant's first issue is frivolous.

Regarding the second issue presented in the **Anders** brief, "[A]ppellant contends that because police failed to apprehend the two persons with whom [A]ppellant was observed engaging in transactions[,] the evidence was insufficient to sustain his convictions." Anders Brief at 24.

We review claims regarding the sufficiency of the evidence by considering whether,

> viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. Further, a conviction may be sustained on wholly circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence— is free to believe all, part, or none of the evidence. Because evidentiary sufficiency is a matter of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Parrish***, 2018 WL 2995314, at *4 (Pa. Super. 2018)

(internal citations and quotations omitted).

Appellant was convicted of three crimes under the Controlled Substance

Act, which prohibit:

> [(a)](16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.
>
> *          *          *
>
> [(a)](30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.
>
> *          *          *
>
> [(a)](32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. §§ 780-113(a)(16), (a)(30), and (a)(32).

We have previously determined:

> The Crimes Code defines the term possession as an act, within the meaning of this section, if the possessor knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession. 18 Pa.C.S.A. § 301(c).

- 8 -

This Court has held that possession can be found by proving actual possession, constructive possession, or joint constructive possession. Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

It is well established that as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

[…A] defendant's mere presence at a place where contraband is found or secreted is insufficient, standing alone, to prove that he exercised dominion and control over those items. Thus, the location and proximity of an actor to the contraband alone is not conclusive of guilt. Rather, knowledge of the existence and location of the contraband is a necessary prerequisite to proving the defendant's intent to control, and, thus, his constructive possession.

*Parrish*, 2018 WL 2995314, at *4–5 (internal quotations and case citations omitted).

Regarding conspiracy, the Commonwealth must prove three elements: "1) an agreement, 2) shared criminal intent, and 3) an overt act." *Commonwealth v. Johnson*, 180 A.3d 474, 479 (Pa. Super. 2018), *citing* 18 Pa.C.S.A. § 903. Moreover,

the essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal

- 9 -

objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators taken in furtherance of the conspiracy.

*Johnson*, 180 A.3d at 479 (internal citation omitted).

Here, the Commonwealth presented evidence that Appellant engaged in two hand-to-hand transactions as witnessed by an officer with experience in narcotic sale arrests. Moreover, Appellant clearly exercised joint constructive possession with his co-defendant over the black bag containing narcotics recovered from the Cadillac. There is no dispute that both men were seen retrieving items from that bag and that the bag ultimately contained controlled substances. The police also recovered currency from Appellant's person in a search incident to his arrest. They also recovered paraphernalia typically utilized for the sale and delivery of narcotics, including packaging materials and a scale. Appellant engaged with his co-defendant in selling drugs from a common source and location. Thus, the Commonwealth proved each element of each charged crime. As such, we discern that a challenge to the sufficiency of evidence in this case would be frivolous.

Additionally, we have conducted an independent review of the entire record as required by **Anders** and have not discerned any other potentially non-frivolous issues.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/18