J-S17019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRANCE REED, JR. | : | No. 1607 EDA 2021 |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006748-2019

BEFORE:  BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:           **FILED SEPTEMBER 30, 2022**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Delaware County, granting Terrance Reed, Jr.'s pre-trial suppression motion.[1]  After review, we affirm.

At 3:17 a.m., on July 11, 2019, Darby Borough Police Officer Albert Hunger observed a man, later identified as Reed, asleep in the driver's seat of a parked, running car in a private parking area on the 700 block of Commerce Street.[2]  N.T. Suppression Hearing, 10/13/20, at 4-14.  At the suppression

---

[1] The Commonwealth certified that the suppression order has substantially handicapped its prosecution of the case, pursuant to Pa.R.A.P. 311(d).  **See Commonwealth v. Jones**, 69 A.3d 180, 185 (Pa. 2013) (Commonwealth's appeal of suppression order proper where Commonwealth certifies in good faith that order substantially handicaps prosecution).

[2] Reed was parked at a dead-end path behind a church.  Officer Hunger testified that the pastor of the church only permits certain people to park in

-1-

hearing, Officer Hunger testified this is a high-crime area, known by officers for illegal drug activity. *Id.* at 27. Once backup arrived, Officer Hunger recorded the car's license plate information, and then knocked on the driver's seat window to awaken Reed. *Id.* at 18. Reed responded and opened the car door, at which time Officer Hunger immediately smelled the odor of marijuana. *Id.* at 18. Officer Hunger noted Reed's glassy and bloodshot eyes and slow speech, which led him to believe that Reed was under the influence. *Id.* at 21.

Reed exited the car and told Officer Hunger that the vehicle he was occupying was registered to a female.[3] *Id.* at 36. A backup officer put Reed in wrist restraints while Officer Hunger conducted a search of the vehicle. *Id.* at 41-42. During the search, Office Hunger found a loaded Glock 42 handgun underneath a floormat on the driver's side and marijuana under the driver's seat. *Id.* at 23. The vehicle was towed and subjected to an inventory search. *Id.* at 61.

---

that area, and that the vehicle Reed was sleeping in was not one of the vehicles permitted. N.T. Suppression Hearing, 10/13/20, at 19-20.

[3] The vehicle was registered to Nadine Bogle. *See id.*, 6/2/21, at 15. Officer Hunger testified that he believed Reed had permission to use the vehicle because the vehicle was not reported as stolen. *Id.* at 39; *see also id.*, 10/13/20, at 36-39.

Reed was subsequently arrested and charged with possession of a prohibited firearm,[4] carrying a firearm without a license,[5] receiving stolen property,[6] possession of an offensive weapon,[7] use of drug paraphernalia,[8] possession of marijuana,[9] and public drunkenness.[10]  On February 28, 2020, Reed filed an omnibus pre-trial motion to suppress evidence arguing, *inter alia*, that the search of the vehicle Reed occupied was unreasonable and made without probable cause or after securing a search warrant, violating his constitutional rights.  Omnibus Pre-Trial Motion to Suppress Evidence, 2/28/20, at 2.

On October 13, 2020, the trial court conducted a suppression hearing at which Officer Hunger testified.  At the hearing, the Commonwealth based its arguments on *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014), the then-controlling Pennsylvania case regarding warrantless searches of vehicles.  On November 30, 2020, the trial court denied Reed's motion.  One month later, on December 22, 2020, our Supreme Court decided *Commonwealth v.*

---

[4] 18 Pa.C.S. § 6105(a)(1).

[5] *Id*. § 6106(a)(1).

[6] *Id.* § 3925(a).

[7] *Id.* § 908(a).

[8] 35 P.S. § 780-113(a)(32).

[9] *Id.* § 780-113(a)(31).

[10] 18 Pa.C.S. § 5505.

*Alexander*, 243 A.3d 177 (Pa. 2020) (overruling *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014)).[11] Subsequently, on December 28, 2020, Reed filed a motion for reconsideration of the denial of his suppression motion based upon the Supreme Court's decision in *Alexander*. The trial court granted reconsideration on January 25, 2021, and, on June 2, 2021, conducted a second suppression hearing. At the June 2, 2021 hearing, the Commonwealth argued, for the first time, that Reed had failed to demonstrate he had a reasonable expectation of privacy in the vehicle. The trial court ultimately ruled that the Commonwealth had waived its challenge to Reed's reasonable expectation of privacy in the vehicle because it had not raised the objection earlier. *See* N.T. Suppression Hearing, 6/2/21, at 49. On July 15, 2021, the trial court granted Reed's motion to suppress. The Commonwealth timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained on appeal.

The Commonwealth now presents the following questions for our review:

> A. Did the trial court err by suppressing evidence of a gun and illegal drugs recovered by the police from the vehicle in which [Reed] was the sole occupant where, during two suppression hearings, [Reed] failed to present any evidence, let alone evidence regarding a reasonable expectation of privacy in a vehicle he did not own, did not have [a] possessory interest [in,] and for which he did not establish having permission from the owner to use or occupy?

---

[11] In *Alexander*, our Supreme Court expressly overruled *Gary* and held that warrantless vehicle searches require both probable cause and exigent circumstances. *See Alexander*, 243 A.3d at 207.

B. Did the trial court err by ruling that the Commonwealth waived its objection to the failure by [Reed] to establish a reasonable expectation of privacy regarding the vehicle at issue where the Commonwealth specifically raised the objection on the record during the second evidentiary hearing?

Brief of Appellant, at 1.

When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

***Commonwealth v. Korn***, 139 A.3d 249, 252-53 (Pa. Super. 2016) (citation omitted).

It is the sole province of the suppression court to weigh the credibility of witnesses, and the suppression court is entitled to believe all, part, or none of the evidence presented. ***Commonwealth v. Caple***, 121 A.3d 511, 517 (Pa. Super. 2015).

In suppression hearings, the Commonwealth bears the preliminary burden of proving that the defendant lacked a constitutionally protected privacy interest. ***Commonwealth v. Enimpah,*** 106 A.3d. 695, 700 (Pa. 2014). Only then does the burden shift to the defendant to rebut that proof. ***Id.*** However, "[t]he Commonwealth may concede the privacy interest, choosing to contest only the legality of the police conduct; if it does so, the defendant's 'reasonable expectation of privacy' need not be established[.]"

*Id.* at 700-01. This Court has recently held that, where the Commonwealth initially concedes the privacy interest and raises it for the first time in a motion for reconsideration of a suppression order, the claim is waived. ***See Commonwealth v. Skipper***, --- A.3d ---, 2022 PA Super 108, at **7-8 (Pa. Super. filed June 9, 2022).

Instantly, the Commonwealth argues that the trial court erred by ruling that the Commonwealth waived its challenge to Reed's expectation of privacy regarding the vehicle at issue. Specifically, the Commonwealth points to the second suppression hearing where, for the first time, it raised the issue of Reed's failure to establish a reasonable expectation of privacy. The Commonwealth argues that under similar case law, appellate courts have determined that such objections are not waived. Brief of Appellant, at 28 (citing ***Commonwealth v. Maldonado*** 14 A.3d 907, 910-12 (Pa. Super. 2011)).

We conclude that the Commonwealth conceded this claim before the trial court and, thus, waived it for our review. ***Skipper***, ***supra***; Pa.R.A.P. 302 ("[i]ssues not raised in the trial court are waived."). In ***Skipper***, the Commonwealth did not challenge the defendant's expectation of privacy at the suppression hearing; rather, it was challenged in a motion to reconsider **after** the trial court had already granted suppression. ***Skipper***, at **4. This Court determined that the Commonwealth waived its challenge to defendant's

expectation of privacy on appeal because it did not meet its burden of proving that the defendant lacked a constitutionally protected privacy interest. *Id.*

Here, our review of the record reveals that the Commonwealth did not challenge Reed's expectation of privacy at the first suppression hearing. *See* N.T. Suppression Hearing, 10/13/20, at 49 (wherein Commonwealth states its argument focused on probable cause). Following the hearing, the trial court directed both parties to submit briefs. *Id.* at 65-66. In its brief, the Commonwealth, again, did not challenge Reed's expectation of privacy.[12] Subsequently, the trial court denied Reed's motion to suppress. Thus, by focusing its arguments on the legality of Officer Hunger's stop and subsequent vehicle search, rather than Reed's lack of an expectation of privacy, the Commonwealth conceded the issue by not raising it at the first suppression hearing. *Id.* at 49; *see also Enimpah*, *supra*. Therefore, the trial court properly found the issue to be waived at the second suppression hearing when the Commonwealth argued, for the first time, that Reed failed to establish a reasonable expectation of privacy in the area searched. *See* N.T. Suppression Hearing, 6/2/21, at 47-49, *Skipper*, *supra*. Indeed, as the trial court stated, the sole purpose of the second suppression hearing was to allow Reed to

_____

[12] The Commonwealth's November 20, 2020 Letter Brief in Opposition to Defendant's Motion to Suppress does not appear in the certified record before this Court. However, the Commonwealth conceded, in its July 7, 2021 Answer to the Defendant's Motion for Consideration, that the November 20, 2020 letter does not contain any challenge regarding Reed's expectation of privacy.

reargue his claim in light of the Supreme Court's recent decision in *Alexander*. N.T. Suppression Hearing, 6/2/21, at 3-4, 50-51.[13] Accordingly, the Commonwealth conceded its challenge to Reed's expectation of privacy before the trial court and, therefore, has waived this issue on appeal. *See Enimpah*, *supra*; *Skipper*, *supra*.

Order affirmed.

Stablie, J., Concurs in the result.

Bowes, J., files a Dissenting Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2022

---

[13] Additionally, we note that, at the second suppression hearing, the Commonwealth conceded that it could not satisfy the requirements in *Alexander* because there were no exigent circumstances. *Id.* at 22.