**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AVEK PAILIN | : | |
| | : | |
| Appellant | : | No. 1265 EDA 2018 |

Appeal from the Judgment of Sentence April 12, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010227-2016

BEFORE:   LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                     **FILED FEBRUARY 28, 2019**

Appellant, Avek Pailin, appeals from the judgment of sentence entered on April 12, 2018.  We affirm.

Following an early-morning traffic stop, the police arrested Appellant for violating the Pennsylvania Uniform Firearms Act.  ***See*** 18 Pa.C.S.A. §§ 6101 *et seq.*  Appellant filed a pre-trial motion to suppress the firearm that the police discovered in the vehicle he was driving; within the motion, Appellant claimed that the trial court must suppress the firearm, as the police did not have reasonable suspicion or probable cause to stop or search his vehicle. Appellant's Motion to Suppress, 9/6/17, at 1-3.

During the October 11, 2017 suppression hearing, the Commonwealth presented the testimony of Philadelphia Police Sergeant Daniel Ayers. Sergeant Ayers testified that, at approximately 2:35 a.m. on March 31, 2016, he was in full uniform and driving a marked police car when he observed a red

_____

*   Retired Senior Judge assigned to the Superior Court.

Ford Fusion with an Illinois license plate "make an abrupt turn onto 5200 Poplar Street without signaling. It proceeded westbound on Poplar to 53rd, made a quick right turn at a high rate of speed down 53rd Street onto Thompson Street." N.T. Suppression Hearing, 10/11/17, at 5-6. Sergeant Ayers testified that, when he finally caught up to the vehicle, he saw that the vehicle "had already pulled over and parked. [Appellant] was exiting the driver's door. There [were] two females and a second male exiting from the passenger's side and began walking away from the car." *Id.* at 6. Sergeant Ayers testified that he pulled up to the vehicle and activated the lights on his patrol car, in order to conduct "a vehicle investigation for the original violation for failure to signal when [the vehicle] turned onto Poplar Street." *Id.*

Sergeant Ayers testified:

> [Appellant] had no ID on him, he was nervous, kept asking questions. He stated it was a rental car, it was rented by his cousin, he couldn't provide a name of his cousin or any agreement for the vehicle.
>
> Based on his nervousness, [my partner and I] placed [Appellant] and the other male in our vehicle, and the two females stood on the curb.
>
> At this point, I conducted a quick search inside of the vehicle. At which point under the front driver's seat I observed and recovered a black Taurus Millennium PT 111 [nine-millimeter semi-automatic pistol]. . . . It was loaded with 11 rounds in the magazine and one round in the chamber.
>
> The firearm was directly under the driver's seat and the seat itself was reclined all the way back to touching the backseat. So there was no way for anybody else to get behind that seat.

> At that point[, Appellant] was placed into custody for a firearms violation since it was right where he was at in the driver's seat. . . .
>
> I conducted a [Department of Motor Vehicles] check on [Appellant] and that came back as an expired license. . . . Once I got that information, I contacted the Parking Authority and the car was live stopped and towed to the Parking Authority lot [because Appellant did not have a valid driver's license].

*Id.* at 6-8.

The trial court denied Appellant's suppression motion and Appellant proceeded to a bench trial. During this trial, the parties incorporated Sergeant Ayers' suppression hearing testimony and stipulated that: the recovered firearm was operable; Appellant did not have a license to carry a firearm; and, Appellant had a prior felony, which rendered him ineligible to possess a firearm. N.T. Trial, 10/11/17, at 39-40.

The trial court found Appellant guilty of persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia.[1] On April 12, 2018, the trial court sentenced Appellant to serve a term of four to eight years in prison, followed by three years of probation, for his convictions.

Appellant filed a timely notice of appeal. He raises two claims to this Court:

> 1. Did the [trial] court err in finding [Appellant] did not have standing to argue a motion to suppress in light of the United States Supreme Court's ruling in *Byrd v. United States*[,

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

___ U.S. ___, 138 S.Ct. 1518 (2018)] when there was no evidence that [Appellant], who was the undisputed driver of the vehicle, did not have permission to drive the vehicle in question from the lawful renter[?]

2. Did the [trial] court err by finding the gun would have been "inevitably discovered" when the vehicle was improperly live-stopped, there was no indication on the record that the vehicle was parked improperly, and no indication that the driver did not have permission to possess the vehicle from the lawful renter[?]

Appellant's Brief at 7 (some internal capitalization omitted).

Appellant claims that the trial court erred when it denied his motion to suppress. Appellant's Brief at 12-16. This claim fails.

"Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. Wallace*, 42 A.3d 1040, 1047-1048 (Pa. Super. 2012) (*en banc*); *see also* Pa.R.Crim.P. 581(H). With respect to an appeal from the denial of a motion to suppress, our Supreme Court has declared:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record.... Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007) (internal citations omitted). "It is within the suppression court's sole province as

- 4 -

factfinder to pass on the credibility of witnesses and the weight to be given their testimony." **Commonwealth v. Gallagher**, 896 A.2d 583, 585 (Pa. Super. 2006). Moreover, our scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing. **In re L.J.**, 79 A.3d 1073, 1087 (Pa. 2013).

We have explained:

A defendant moving to suppress evidence has the preliminary burden of establishing standing and a legitimate expectation of privacy.

Standing requires a defendant to demonstrate one of the following: (1) his presence on the premises at the time of the search and seizure; (2) a possessory interest in the evidence improperly seized; (3) that the offense charged includes as an essential element the element of possession; or (4) a proprietary or possessory interest in the searched premises. A defendant must separately establish a legitimate expectation of privacy in the area searched or thing seized. Whether defendant has a legitimate expectation of privacy is a component of the merits analysis of the suppression motion. The determination whether defendant has met this burden is made upon evaluation of the evidence presented by the Commonwealth and the defendant.

With more specific reference to an automobile search, this Court has explained as follows: generally under Pennsylvania law, a defendant charged with a possessory offense has automatic standing to challenge a search. However, in order to prevail, the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched.

**Commonwealth v. Maldonado**, 14 A.3d 907, 910-911 (Pa. Super. 2011) (internal quotations and citations omitted); **see also Commonwealth v. Jones**, 874 A.2d 108, 120 (Pa. Super. 2005) (holding: where the defendant was the driver of a rental car, the defendant did not have an expectation of

privacy in the car because the "return date [on the rental automobile] had expired, [the defendant] was not the named lessee, the named lessee was not in the automobile, and [the defendant] was not authorized to drive the automobile"); *Commonwealth v. Burton*, 973 A.2d 428, 436 (Pa. Super. 2009) (*en banc*) (holding that the defendant did not have an expectation of privacy in a vehicle, where he did not own the vehicle and where he "offered no evidence to explain his connection to the vehicle or his connection to the registered owner of the vehicle"); *Commonwealth v. Cruz*, 21 A.3d 1247, 1251–1252 (Pa. Super. 2011) (holding that the defendant did not demonstrate that he had an expectation of privacy in the vehicle he was driving at the time of the valid stop because the defendant "presented no evidence that he owned the vehicle, that it was registered in his name, or that he was using it with the permission of the registered owner").

The Commonwealth charged Appellant with possessory offenses; hence, Appellant had automatic standing to challenge the vehicle search. Nevertheless, in order to prevail on his suppression motion, Appellant bore the burden of establishing a reasonable expectation of privacy in the vehicle. *See Maldonado*, 14 A.3d at 911. Appellant did not satisfy his burden of production in this case.

During the suppression hearing, the Commonwealth presented evidence tending to show that Appellant was not the owner of the vehicle, did not rent

the vehicle, did not know the individual who rented the vehicle,[2] and had no authority to drive the vehicle. *See* N.T. Suppression Hearing, 10/11/17, at 6-8. Appellant presented no evidence to the contrary. Therefore, in this case, there was no evidence that Appellant or his passengers owned or rented the vehicle. Likewise, there was no evidence that Appellant or his passengers had authorization or permission from the registered owner or renter to operate the vehicle. As such, Appellant failed to prove he had a privacy interest in the

_____

[2] As Sergeant Ayers testified, Appellant claimed that his cousin rented the vehicle. However, Appellant "couldn't provide a name of his cousin or any agreement for the vehicle." N.T. Suppression Hearing, 10/11/17, at 6. We conclude that Appellant's invocation of an unnamed individual and his unsubstantiated claim of permission by that unnamed person do not establish that Appellant had permission to operate the vehicle and, thus, do not establish that Appellant had a reasonable expectation of privacy in the vehicle. *See Maldonado*, 14 A.3d at 911-912 (holding that the defendant failed to satisfy his burden of establishing a reasonable expectation of privacy in the vehicle, where the vehicle was owned by his girlfriend and where the defendant did not put forth any evidence that his girlfriend gave him permission to drive her vehicle). Moreover, we note that the trial court expressly held: "[b]ased on the totality of the [] circumstances, [Appellant's] expired license, no rental agreement[,] and inability to provide the name of the authorized renter of the vehicle to corroborate that he had permission to drive the vehicle, [Appellant] in this case does not have a reasonable subjective expectation of privacy shielding him from the search done by the officer." Trial Court Opinion, 7/20/18, at 4-5.

vehicle and, therefore, the trial court did not err in denying Appellant's suppression motion.[3, 4]  Appellant's claim to the contrary fails.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/19

---

[3] Within Appellant's brief, Appellant claims that the United States Supreme Court's recent opinion in **Byrd** entitles him to relief because, in **Byrd**, the Supreme Court held:  "as a general rule, someone in otherwise lawful possession and control of a rental car has a reasonable expectation of privacy in it even if the rental agreement does not list him or her as an authorized driver."  Appellant's Brief at 13, _quoting_ **Byrd**, 138 S.Ct. at 1524.  Appellant's quotation of **Byrd** is accurate.  However, **Byrd** does not provide Appellant with an avenue of relief because, as we have explained above, Appellant failed to establish that he was in "lawful possession and control of" the vehicle.  **See Byrd**, 138 S.Ct. at 1524 and 1529 (noting that "[n]o matter the degree of possession and control, the car thief would not have a reasonable expectation of privacy in a stolen car").

[4] In light of our disposition, Appellant's second claim – that the trial court "erred in finding the gun would have been 'inevitably discovered'" – is moot. **See** Appellant's Brief at 14-16.