J-S32007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARNELL DAVIS | : | |
| | : | |
| Appellant | : | No. 2711 EDA 2023 |

Appeal from the Judgment of Sentence Entered May 24, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003192-2020

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:        **FILED JANUARY 14, 2025**

Darnell Davis appeals from the judgment of sentence, entered in the Court of Common Pleas of Chester County, after a jury convicted him of one count each of possession with intent to deliver (PWID) (between 100g and 1000g cocaine),[1] possession of drug paraphernalia,[2] and possession of a controlled substance.[3]  On appeal, Davis challenges the denial of his motion to suppress evidence, the sufficiency of the evidence, and the discretionary aspects of his sentence.  After careful review, we affirm.

This case arises from a vehicle stop, conducted by Pennsylvania State Trooper Peter Burghart, on August 26, 2020, at 4:02 p.m., on the

_____

[1] 35 Pa.C.S.A. § 780-113(a)(30).

[2] *Id.* at § 780-113(a)(32).

[3] *Id.* at § 780-113(a)(16).

Pennsylvania Turnpike at mile marker 320 in Tredyffrin Township, Chester County. On that date, Trooper Burghart, while on patrol around that location, observed a blue Chevrolet Malibu moving at a high rate of speed, which he clocked at 84 miles per hour in a 70-mile-per-hour zone. Trooper Burghart pulled the vehicle over and requested identification from Davis, who was the lone occupant and driver. When Davis was not able to provide any identification, Trooper Burghart removed Davis from the Chevrolet, patted him down, and walked him back to his own police vehicle. There, Trooper Burghart had Davis stand outside of the passenger-side door, while Trooper Burghart entered the driver's side of the police vehicle.

At that point, Trooper Burghart searched the police database system using the name and address information that Davis provided and continued talking to Davis through the police vehicle's open passenger-side window. When Trooper Burghart asked Davis who owned the vehicle Davis was driving, Davis stated it was his cousin's friend's vehicle, but he did not know that person's name. When asked again how Davis was connected to the vehicle, Davis changed his prior answer and explained that it was his cousin's son's girlfriend's vehicle. The suppression court found that Davis appeared a little bit nervous.

Once Trooper Burghart confirmed Davis' identification and determined the identity of the vehicle's registered owner, Trooper Burghart raised the fact that he smelled marijuana inside Davis' car when he first approached it after pulling Davis over. Davis admitted to smoking marijuana a few hours prior.

Trooper Burghart responded that he did not smell burnt marijuana, but rather smelled unburnt marijuana. Davis then admitted to having less than one ounce of marijuana in the vehicle. Trooper Burghart asked Davis if there was anything else illegal in the vehicle, and Davis stumbled over his answer before answering in the negative.

Trooper Burghart then searched the vehicle and found two small black trash bags on the rear passenger floor, and a larger white trash bag on the rear bench seat. One of the black bags contained several containers of suspected marijuana. The other black bag contained 240 baggies of suspected crack cocaine, which were broken down into either five or six larger balls wrapped in colored saran wrap, weighing approximately 185 grams.[4] The white bag contained two digital scales and a calibration weight. Davis was arrested on the scene.

On March 3, 2023, a jury convicted Davis of the above-mentioned crimes and found that the weight of the cocaine that Davis possessed with intent to deliver was at least 100 grams and less than 1,000 grams. The court sentenced Davis to an aggregate sentence of 7½ to 15 years' incarceration.

_____

[4] At the suppression hearing, the testimony reflected police recovered 185 grams of cocaine, *see* N.T. Suppression Hearing, 6/24/21, at 19, but at trial, Pennsylvania State Police Forensic Scientist Gina Muscante testified that police recovered approximately 156.4 grams. *See* N.T. Jury Trial, 3/2/23, at 64. At trial, Corporal James Wisnieski of the Pennsylvania State Police testified that the street value of the cocaine was $12,480.00 to $18,720.00. *Id.* at 98. The jury's verdict concluded that there was at least 100 grams, but less than 1,000 grams, of cocaine. *See* N.T. Jury Trial, 3/3/23, at 9.

Davis filed a timely post-sentence motion, which the court denied. Davis filed a timely notice of appeal. Davis and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Davis raises the following issues for our review:

1. Did the trial court err in finding [Davis] lacked a reasonable expectation of privacy [in the vehicle that was searched]?

2. Was insufficient evidence presented at trial to show [Davis] possessed the controlled substances and the paraphernalia to sustain possession with intent to deliver, possession of controlled substance, and possession of paraphernalia convictions beyond a reasonable doubt?

3. Did the trial court err in not considering [Davis]'s background or his rehabilitative needs, as required by 42 Pa.C.S.A. § 9721(b)?

Appellant's Brief, at 5 (unnecessary capitalization omitted).

Davis first challenges the court's suppression ruling. Both the United States and Pennsylvania Constitutions protect citizens from unlawful police searches and seizures. *See Commonwealth v. Brame*, 239 A.3d 1119, 1127 (Pa. Super. 2020); *see also* U.S. CONST. Amend. IV.; PA CONST. Art. I, § 8. Nevertheless, this Court has explained that a defendant seeking to suppress evidence under these constitutional provisions must have standing to challenge a search as unlawful, which, *inter alia*, requires the defendant to establish a legitimate expectation of privacy in the area searched or thing seized. *See Commonwealth v. Hawkins*, 718 A.2d 265, 267 (Pa. 1998) (suppression motion properly denied where defendant lacked legitimate expectation of privacy). It is the defendant's burden to establish such

standing and reasonable expectation of privacy. *See Commonwealth v. Burton*, 973 A.2d 428, 435 (Pa. Super. 2009) (en banc). It is well-settled that a defendant has no reasonable expectation of privacy in a car that is searched if that defendant fails to produce credible evidence of ownership or proper authorization to drive it. *Id.* at 436 (defendant failed to demonstrate reasonable expectation of privacy in vehicle he did not own, that was not registered to him, and for which he failed to show authority to operate); *see also Commonwealth v. Jones*, 874 A.2d 108, 120 (Pa. Super. 2005) (operator of rental car had no reasonable expectation of privacy sufficient to challenge constitutionality of search of rental car since he was not authorized driver and rental agreement had expired).

Instantly, the trial court set forth its findings of fact as follows:

The car in this case was owned by Mareka Crampton. [] Crampton was Marqui Edwards[' girlfriend]. [] Edwards is [Davis'] cousin. [] Edwards does not own the car in question. There was no evidence presented that [] Edwards had authority to give [Davis] permission [] to drive the vehicle.

N.T. Suppression Hearing, 8/30/22, at 19. The court made the following conclusions of law in connection with those factual findings: "[Davis] has the burden of proof to establish permission to operate the vehicle. The lack of evidence regarding [] Edwards' authority, even if [Davis]'s testimony is credible, [] failed to establish that he had permission to operate the vehicle. Thus, [Davis] didn't meet the burden regarding an expectation of privacy." *Id.*

Here, Davis was not the registered owner or title owner of the vehicle and failed to present any evidence that he was driving with the authorization or permission of the registered or title owner, who was Crampton. Therefore, Davis failed to establish that he had a reasonable expectation of privacy in the vehicle. *See Burton*, *supra*; *see also Jones*, *supra*. Accordingly, Davis may not challenge the search; thus, his claim is meritless. *See Hawkins*, *supra*. *See also Commonwealth v. Cruz*, 21 A.3d 1247, 1251 (Pa. Super. 2011) (defendant had no expectation of privacy and could not challenge search where he presented no evidence that he owned vehicle, that it was registered in his name, or that he was using it with permission of registered owner); *Commonwealth v. Brown*, 64 A.3d 1101, 1107 (Pa. Super. 2011) (defendant failed to establish reasonable expectation of privacy in vehicle where defendant failed to present permission to operate vehicle); *Commonwealth v. Maldonado*, 14 A.3d 907, 911 (Pa. Super. 2011) (defendant had no expectation of privacy in girlfriend's car he was driving where he established he lived with girlfriend but presented no evidence he had permission from her to drive car).

In his second claim on appeal, Davis challenges the sufficiency of the evidence. In particular, Davis argues that he did not possess any of the items seized by police, including the drugs and paraphernalia, because the record does not support that he intended to exercise conscious dominion over those items.

Our standard of review of an appellant's challenge to the sufficiency of the evidence is well-settled:

> Our applicable standard of review is whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict-winner, was sufficient to enable the fact-finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. Additionally, when examining sufficiency issues, we bear in mind that: the Commonwealth's burden may be sustained by means of wholly circumstantial evidence; the entire trial record is evaluated and all evidence received against the defendant considered; and the trier of fact is free to believe all, part, or none of the evidence when evaluating witness credibility.
>
> This standard is equally applicable to cases where the evidence is circumstantial[,] rather than direct[,] so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty.

***Commonwealth v. Dewald***, 317 A.3d 1020, 1038 (Pa. Super. 2024) (citations, quotation marks, and brackets omitted).

To sustain a conviction for PWID, this Court has explained that:

> the Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. It is well[-]settled that all the facts and circumstances surrounding possession are relevant in making a determination of whether contraband was possessed with intent to deliver.
>
> In Pennsylvania, the intent to deliver may be inferred from possession of a large quantity of controlled substance. It follows that possession of a small amount of a controlled substance supports the conclusion that there is an absence of intent to deliver.
>
> Notably, if, when considering only the quantity of a controlled substance, it is not clear whether the substance is being used for

personal consumption or distribution, it then becomes necessary to analyze other factors.

**Commonwealth v. Lee**, 956 A.2d 1024, 1028 (Pa. Super. 2008) (citation, quotation marks, and brackets omitted). The trier of fact may infer intent to deliver based on the totality of the circumstances, including the method of packaging, the form of the drug, and the behavior of the defendant. **See Jones**, 874 A.2d at 121.

"Where, as herein, the contraband is not found on the accused's person, the Commonwealth must demonstrate he had constructive possession of the same, or that the individual had the ability and intent to exercise control or dominion over the substance." **Commonwealth v. Hutchinson**, 947 A.2d 800, 806 (Pa. Super. 2008).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined conscious dominion as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

**Commonwealth v. Roberts**, 133 A.3d 759, 767-68 (Pa. Super. 2016) (citation and some quotations marks omitted).

Here, the cocaine was discovered in the vehicle Davis was driving in a black bag placed next to a similar black bag that contained the marijuana Davis admitted he possessed. The proximity of the black bags to each other, their similar appearance, and the fact that they were discovered inside the

vehicle Davis was driving, is sufficient to establish conscious dominion by Davis—the vehicle's sole occupant—over the cocaine. *See Jones*, 874 A.2d at 122 (evidence sufficient to establish conscious dominion by defendant over cocaine discovered in rental vehicle with multiple occupants shortly after passengers exited). The evidence here was also sufficient to establish Davis' intent to deliver the cocaine discovered in the vehicle, where the amount of cocaine, itself, was enough to satisfy that element of PWID. *See Lee*, 956 A.2d at 1028. Assuming, *arguendo*, that the amount of cocaine did not, by itself, satisfy the element of specific intent to deliver, we would conclude that the totality of circumstances would have satisfied this element, due to the high number of baggies discovered, the fact there were measuring scales and a calibration weight proximately located to the cocaine, and the fact that police did not otherwise locate paraphernalia indicating Davis' personal use. *See Commonwealth v. Conaway*, 791 A.2d 359, 363 (Pa. Super. 2002) (evidence of individually wrapped bags of cocaine and lack of paraphernalia for personal use gives rise to inference of intent to deliver).

We similarly conclude that the evidence was sufficient to establish possession of drug paraphernalia where Davis constructively possessed the measuring scales and calibration weight, which were discovered very close in proximity to the cocaine and marijuana. *See Commonwealth v. Parsons*, 570 A.2d 1328, 1335 (Pa. Super. 1990) (electronic scales and weights discovered near cocaine in defendant's house sufficient to establish

constructive possession of paraphernalia). Accordingly, Davis is not entitled to any relief on his second issue on appeal. *See Dewald*, *supra*.

In his final issue, Davis raises a challenge to discretionary aspects of his sentence. Appellants may not challenge the discretionary aspects of their sentence as of right. *See Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). A request for appellate review of the discretionary aspects of a sentence is considered a petition for permission to appeal. *See Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Prior to reaching the merits of a discretionary sentencing issue, to determine whether the appellate court's jurisdiction has been invoked, the Court conducts a four-part test to determine:

> (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether the appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[A] § 9781(b).

*Commonwealth v. Bradley*, 237 A.3d 1131, 1138 (Pa. Super. 2020) (some citations and brackets omitted).

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citation omitted). The Court determines what constitutes a substantial question on a case-by-case basis. *See Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.

Super. 2011). In reviewing for a substantial question, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Commonwealth v. Akhmedov**, 216 A.3d 307, 328 (Pa. Super. 2019) (en banc) (citation and quotation marks omitted). The appellate court cannot look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. **See Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super. 2012).

Here, Davis preserved his discretionary sentencing claim in a post-sentence motion, filed a timely notice of appeal, and has included a Rule 2119(f) statement in his brief. **See** Appellant's Brief, at 11-12. Consequently, we turn to whether Davis' appeal raises a substantial question. In his Rule 2119(f) statement, Davis states that his sentence is excessive because the court did not account for his background and rehabilitative needs. **See** Appellant's Brief, at 12.

An excessive sentence claim, in conjunction with a claim that the sentencing court failed to consider mitigating factors, raises a substantial question. **See Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014). This Court has also recognized a substantial question exists where an appellant claims that the sentencing court disregarded the defendant's rehabilitative needs. **See Commonwealth v. White**, 193 A.3d 977, 983 (Pa. Super. 2018). Accordingly, we will consider the merits of Davis' discretionary claim. However, we are "mindful that sentencing is vested in the sound

- 11 -

discretion of the sentencing court, and we shall not disturb a sentence absent a manifest abuse of discretion." ***Commonwealth v. Schroat***, 272 A.3d 523, 527 (Pa. Super. 2022).

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Summers***, 245 A.3d 686, 692-93 (Pa. Super. 2021) (citation omitted). In addition to the broad sentencing discretion afforded to the sentencing court, appellate courts also grant the sentencing court great deference, as it is the sentencing court that is in the "superior position to view the defendant's character, displays of remorse, defiance[,] or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (citation omitted).

When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Further, the sentencing court is required to consider the circumstances of the offense and the character of the defendant, paying particular attention to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. ***See Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). Although they must be considered, the Pennsylvania Sentencing Guidelines are not

mandatory, and, thus, do not prohibit any particular sentence otherwise within the statutory maximum. *See Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008); *Commonwealth v. Mitchell*, 883 A.2d 1096, 1107 (Pa. Super. 2005). The balancing of the sentencing factors is within the sole province of the sentencing court. *See Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022).

When we conduct a merits analysis of a challenge to the discretionary aspects of a sentence, we are also guided by the statutory requirements of 42 Pa.C.S.A. § 9781(c) and (d). *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015). Here, Davis was sentenced within the sentencing guidelines; however, Davis alleges the case involves circumstances where the application of the guidelines would be clearly unreasonable. *See* Appellant's Brief, at 12; *see also* 42 Pa.C.S.A. § 9781(c)(2).

More specifically, Davis argues that the court failed to consider that: he grew up in a low-income Philadelphia neighborhood surrounded by drugs; his mother was addicted to drugs and his father was completely absent; he dropped out of school and was accepted by gang members dealing drugs; at a very young age, he did what he could to help support his family; he suffered the loss of his infant daughter and then his grandmother who was like a mother to him; his prior criminal history was not recent, two of which offenses dated back to when he was 20 years old and the other was 10 years old; he was 44 years old at the time of sentencing; after time in prison, he maintained part-time positions, but had difficulty securing employment due to his criminal

record; and, for approximately 3 years prior to sentencing, he was leading an upstanding life as witnessed by many in his life who wrote the court to show their support for him.

In this context, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d). The appellate court is not permitted to re-weigh the sentencing factors considered by the sentencing court. *See Summers*, 245 A.3d at 695. Also, "[w]here [a] presentence report[ (PSI)] exist[s], we shall [] presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] constitutes the record and speaks for itself." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

Here, at sentencing, the court stated that it reviewed Davis' PSI, meaning that, contrary to Davis' claims, the court is presumed to have considered his background and rehabilitative needs prior to imposing the sentence. *See* N.T. Sentencing Hearing, 5/24/23, at 25-26; *see also Devers*, *supra*. Moreover, after our review of the sentencing transcript and the record, we are satisfied that the court appropriately considered the required sentencing factors and we discern no abuse of discretion. *See*

***Summers***, 245 A.3d at 695; ***see also Schroat***, ***supra***.  Accordingly, we conclude that Davis is not entitled to relief on his third issue on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/14/2025</u>